839 A.2d 914 (2004)
365 N.J. Super. 472
A.H. ROBINS COMPANY, INC., a Delaware Corporation, Plaintiff-Appellant,
v.
DIRECTOR, DIVISION OF TAXATION, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 2003.[1]
Decided January 12, 2004.
*916 Charles M. Costenbader and Michael A. Guariglia, Newark, argued the cause for appellant (McCarter & English, attorneys; Mr. Costenbader, of counsel; Mr. Costenbader and Margaret C. Wilson, on the briefs).
Margaret A. Holland and Mala Narayanan, Deputy Attorneys General, argued the cause for respondent (Peter C. Harvey, Attorney General, attorney; Patrick DeAlmeida, Deputy Attorney General, of counsel; Ms. Holland and Ms. Narayanan, on the briefs).
Before Judges STERN, A.A. RODRIGUEZ and KIMMELMAN.
*915 The opinion of the court was delivered by STERN, P.J.A.D.
Plaintiff A.H. Robins Co., Inc. ("new Robins" or "Robins II"), successor through merger and bankruptcy reorganization of A.H. Robins Inc. ("old Robins" or "Robins I"), appeals from the Tax Court's order of February 25, 2002, granting summary judgment to defendant, Director of the Division of Taxation, and dismissing plaintiff's claims for the refund of "net operating losses" ("NOLs") that were transferred to plaintiff from the predecessor corporation as part of the bankruptcy reorganization. See A.H. Robins Company, Inc. v. Director, Division of Taxation, 20 N.J. Tax 338 (2002). Plaintiff argues that it is entitled to the NOLs for the period 1989-1994 because (1) it was "created solely to reorganize Robins I and neither changed the Robins I line of business nor brought with it any business of its own," and (2) this was a "single entity bankruptcy reorganization" and, therefore, the Supreme Court's opinion in Richard's Auto City Inc. v. Director, Division of Taxation, 140 N.J. 523, 659 A.2d 1360 (1995), and its interpretation of the regulation involved in that case, N.J.A.C. 18:7-5.13, do not apply here. Plaintiff also argues that the regulation of state tax law cannot preclude use of the net loss carryover because "the Bankruptcy Court ... already determined what had been the central issue in Richard'swhether New Jersey law would allow the transfer of NOLs from a company merged out of existence to the merger survivor," and ordered that the NOLs be transferred to the new Robins.
In its original brief filed on this appeal, plaintiff specifically argued that Richard's Auto City "did not address a single entity bankruptcy reorganization" and that "N.J.A.C. 18:7-5.13(b) is invalid here," and that "the Tax Court's decision contravenes the Bankruptcy Court's prior plan and order."[2] The defendant Director responded *917 by indicating that Richard's Auto City held that the survivor of a corporate merger may not utilize the pre-merger net operating losses of the merged corporation and that the regulation is applicable here notwithstanding the Bankruptcy Court order, that "there is no preemption because there is nothing in the Bankruptcy Code which explicitly or inferentially indicates a Congressional intent to preempt State tax laws after a reorganization has been concluded, nor does the disallowance of the NOLs conflict with the purpose of the Bankruptcy Code."[3] Moreover, defendant Director insisted that the Bankruptcy Court expressly declined to pass upon state tax court implications of the merger and left that to the state courts. See In re A.H. Robins Co., Inc., 251 B.R. 312, 321-22 (Bankr.E.D.Va.2000). In any event, the defendant argued that the reorganization plan, approved by the Bankruptcy Court, did not address state (as opposed to federal) use of the net operating losses and that New Jersey had no obligation to participate in the bankruptcy proceedings in order to challenge a plan which did not purport to affect the impact of NOLs under state law.[4]
While this appeal was pending, we granted plaintiff's motion to remand the matter to the Tax Court for reconsideration after adoption of the Business Tax Reform Act ("BTRA"), P.L. 2002, c. 40, which was enacted and became effective on July 2, 2002. On the remand, the Tax Court found that the adoption of N.J.S.A. 54:10A-4.5, as part of the BTRA, "merely codifies that which was the applicable law set forth under N.J.S.A. 54:10A-4(k)(6), as specifically described by the Supreme Court in Richard's Auto City ... and [as] interpreted in N.J.A.C. 18:7-5.13(b)," and made no change to New Jersey law regarding the carryover of NOLs.
In its remand opinion of May 21, 2003, the Tax Court restated and adhered to its original holding:
This court determined that the appellant (taxpayer) was not entitled to carry over net operating losses (NOL) for the following reasons: 1) nowhere in New Jersey law does it state that NOL carryovers may be utilized when they emanate from a merged corporation; 2) there is nothing in the United States Bankruptcy Code that indicates a Congressional intent to preempt state taxing statutes with regard to post-reorganization income tax liabilities of a nondebtor entity; 3) the case at bar does not fit under the Bankruptcy Code's exemption provided in 11 U.S.C. § 1446(d) that certain transfers made pursuant to a reorganization would be exempt from state taxation; and 4) the Director's regulation, N.J.A.C. 18:7-5.13(b), and the New Jersey Supreme Court's holding in Richard's Auto City Inc. v. Director, Division of Taxation, 140 N.J. 523, 659 A.2d 1360 (1995), prohibit the *918 carryover of NOL for use by a corporation other than the corporation which incurred the losses.
In the remand opinion, the Tax Court supplemented its original order by additionally holding that, because the new statute, N.J.S.A. 54:10A-4.5, merely "restates existing law," and "is not retroactive," its application is not unconstitutional as applied in this case. For this reason, the court rejected the "due process" and "separation of powers" argument. The court further concluded there was a "rational basis" "to codify existing law" and "to limit NOL carryovers" even if the statute is retroactive. The court also concluded the new Act was not "directed at the plaintiff or other similarly situated taxpayers, and, therefore, is not special legislation" or violative of the "separation of powers" doctrine. The Tax Court therefore adhered to its original order granting summary judgment and dismissing the complaint.
In its supplemental brief to us, plaintiff relies on its original arguments and further contends "that the Tax Court erred in failing to hold that: (1) the retroactive enactment of NOL legislation is unconstitutional; (2) the retroactive amendment of the law applicable to this case evidences that prior law did not support defendant's flawed position and (3) plaintiff must be permitted to conduct discovery into the intent of the New Jersey Legislature in adopting retroactive changes to the NOL law."
The plaintiff acknowledges that it cannot prevail if the new BTRA controls, which it says "contains a completely new prohibition on the carryover of NOLs following reorganizations." Plaintiff asserts that section 33 of the BTRA makes section 27 retroactive to affect this case and that "the 18 year retroactivity provision found in section 33 must be excised from the BTRA, and section 27 applied prospectively only." On the premise that the new BTRA is unconstitutional or is otherwise inapplicable, plaintiff asserts that the prior statute, N.J.S.A. 54:10A-4(k)(6)(D), did not prohibit NOL carryovers by a surviving corporation following a merger, and that the regulation, which is still in effect,[5] cannot be deemed applicable or dispositive to prevent them here because here, unlike in Richard's Auto City, the plaintiff did not change the business of Robins I which suffered the NOLs. Generally stated, under N.J.S.A. 54:10A-4(k)(6)(D), there could be no NOL carryover when there was a change in more than 50% of the corporate ownership by sale or redemption of stock and "the corporation changes the trade or business giving rise to the loss" or "the corporation was acquired ... for the primary purpose of the use of its net operating loss carryover." According to plaintiff, the new statute cannot be applied here, the old statute permitted the NOL carryover, and the regulations cannot be utilized to limit or prevent application of the former statute in effect for the tax years in question.

I.
Chapter 40 of the Laws of 2002, the BTRA, amended the Corporation Business Tax Act ("CBTA"). Section 33 of the BTRA provides that the Act "shall take effect immediately and apply to privilege periods and taxable years beginning on or after January 1, 2002, provided however that section 26 shall apply to privilege periods ending after June 30, 1984." See *919 P.L. 2002, c. 40, § 33; 2002 Session Law Service at 203. While section 33 refers only to section 26 in terms of retroactivity, and not to section 27, which became N.J.S.A. 54:10A-4.5, the parties refer to the legislative history and, in any event, agree that section 27 was made retroactive. In light of the language of section 27, N.J.S.A. 54:10A-4.5, there can be no doubt of that fact.[6] That section, which was added to the CBTA, provides:
Notwithstanding any provision of subsection (k) of section 4 of P.L.1945, c. 162 (C.54:10A-4) or of the federal Internal Revenue Code, including but not limited to 26 U.S.C. s.381 or any successor or equivalent provision, that permits a corporation to use the net operating losses of another for federal income tax purposes following certain transactions, including but not limited to those qualifying as reorganizations under the provisions of subparagraphs (A), (C), (D), (F) or (G) of paragraph (1) of subsection (a) of section 368 of the federal Internal Revenue Code, 26 U.S.C. s.368, a net operating loss for a privilege period ending after June 30, 1984, may be carried over and allowed as a deduction only by the corporation that sustained the loss; provided however, that in the case of a merger of two or more corporations pursuant to statute of this State or any other jurisdiction, the net operating loss may be carried over only by the corporation that sustained the loss and that is also the surviving corporation following the merger. The net operating loss may not be carried over by a taxpayer that changes its state of incorporation. No net operating loss shall be allowed as a deduction by a corporation resulting from a consolidation pursuant to statute of this State or of any other jurisdiction.
It is clear that the statute is modeled after N.J.A.C. 18:7-5.13(b) which provides:
[T]he net operating loss may only be carried over by the actual corporation that sustained the loss. The net operating loss may, however, be carried over by the corporation that sustained the loss and which is the surviving corporation of a statutory merger. The net operating loss may not be carried over by a taxpayer that changes its state of incorporation or is a part of a statutory consolidation. Section 4(k) of the Act defines entire net income in terms of a specific corporate franchise.

II.
We agree with the Tax Court's disposition of the Supremacy Clausepreemption issue, substantially for the reasons expressed in Judge Roger Kahn's opinion of February 21, 2002. A.H. Robins Co., Inc., supra, 20 N.J. Tax at 344-48. We recognize that the Tax Court made no detailed analysis of the plan of reorganization and that the Robins Bankruptcy Court has noted that "the interpretation and application of State Tax laws" "must be determined by the State courts," and that, after so doing, "it will be necessary for those courts to assess whether their respective interpretations of State tax laws, as applied to the NOL, are in conflict with the property rights which Robins II obtained under the Plan and Confirmation Order." The Bankruptcy Court, upheld by the District Court, further stated that the interpretation and application of State law may ultimately "be appealed to the Supreme Court of the United States," because of the federal jurisdiction "to review *920 the decision of the State taxing authorities to determine whether, in applying State tax law, the taxing authorities properly deferred to the now-incontestable results of the Confirmation Orders and the Plan." In re A.H. Robins Co., Inc., supra, 251 B.R. at 321-22. We are satisfied that the Tax Court's analysis of the Supremacy Clause and preemption issues recognized its proper obligation.
We therefore must decide the state tax law issue involved in this dispute.

III.
There is much merit in the Tax Court's original disposition of the matter under Richard's Auto City and N.J.A.C. 18:7-5.13(b), and notwithstanding the contest as to their application on the merits, there is no dispute that the case can be disposed by reference to them if the new statute would be unconstitutional if applied retroactively or is read to be prospective only. However, the parties agree that if the statute can constitutionally be applied retroactively, the contest will come to an end on statutory grounds, and that other cases await the result. Moreover, the parties also appear to agree that, unless unconstitutional, that statute is now dispositive. Therefore, and because contests on returns now being prepared and processed should be kept to a minimum, and some finality brought to the issue which can affect carryovers on returns for the next several years, we address the statutory issue.[7]
As already developed, the "BTRA" added a new provision to the CBTA, N.J.S.A. 54:10A-4.5, regarding the deduction of net loss carryovers for privilege periods or tax years after June 30, 1984, a subject previously limited by the regulation, N.J.A.C. 18:7-5.13(b). The first question is whether the new statute and the old regulation are consistent, because if they are, there would be no retroactive change in the law as a result of the new statute, thereby avoiding a question of the constitutionality in terms of its retroactive application to losses which accrued prior to the new enactment. A related question, therefore, is whether Richard's Auto City controls the interpretation of the regulation as related to the facts of this case because of its impact on the question of retroactivity.
We reject the constitutional attack on N.J.S.A. 54:10A-4.5 and its application to the order under review in this case, substantially for the reasons expressed by Judge Kahn in his unpublished opinion on the remand proceedings we ordered following adoption of the BTRA, and for the reasons developed herein.
"A statute does not operate `retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment ... or upsets expectations based in prior law." Landgraf v. USI Film Products, 511 U.S. 244, 269, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229, 254-55 (1994). "Rather, the court must ask whether the new provision attaches new legal consequences to event completed before its enactment." Id., 511 U.S. at 269-70, 114 S.Ct. at 1499, 128 L.Ed.2d at 254-55. If so, statutes with retroactive provisions are subject to scrutiny under the due process clause of the Fourteenth Amendment and Article I, par. 1 of the New Jersey Constitution, and can be enforced only if supported by a "rational basis." Nobrega v. Edison Glen Associates, 167 *921 N.J. 520, 539, 544, 772 A.2d 368 (2001). Independently, we must determine "[w]hether the affected party relied, to his or her prejudice, on the law that is now to be changed as a result of the retroactive application of the statute, and whether the consequences of this reliance are so deleterious and irrevocable that it would be unfair to apply the statute retroactively". Gibbons v. Gibbons, 86 N.J. 515, 523-24, 432 A.2d 80 (1981). See also Nobrega, supra, 167 N.J. at 536, 545-46, 772 A.2d 368 (applying the "manifest injustice" standard); Edgewater Inv. Assoc. v. Borough of Edgewater, 103 N.J. 227, 239, 510 A.2d 1178 (1986) (analyzing the statute under the "manifest injustice" standard).
In Richard's Auto City, the Supreme Court held that because N.J.A.C. 18:5-7.13(b), adopted effective February 3, 1986, was consistent with the provisions of the governing statute, N.J.S.A. 54:10A-4(k)(6), as it provided from the time of adoption in 1985, see 140 N.J. at 529, 659 A. 2d 1360, "the regulation applie[d] retroactively to the effective date of the statute" and applied to any tax year commencing after June 30, 1984. Id. at 543, 659 A.2d 1360. Hence, from the effective date of the statute, April 22, 1985 (see id. at 533, 659 A.2d 1360), net operating loss carryovers could be taken only "by the actual corporation that sustained the loss" and not, independently, by one that, as here, "changes its state of incorporation." Id. at 529-30, 659 A.2d 1360; N.J.A.C. 18:7-5.3(b). While we recognize, as Robins argues, that Richard's Auto City did not expressly consider the state of incorporation provision of the regulation, we can find nothing in that opinion to suggest that portion of the regulation would be invalid. Moreover, we can find nothing in Richard's Auto City, in which two separate entities were merged and the survivor corporation was not the one that had sustained the pre-merger losses, to suggest, as does Robins, that the result would be different where only one entity existed before the merger or reorganization, and the survivor, a new entity, continued the business of the former corporation.[8]
The CBTA, as amended by N.J.S.A. 54:10A-4.5 in 2002, therefore codifies the same rule that applied since the adoption of N.J.S.A. 54:10A-4(k)(6) in 1985. There is no substantive difference in any of the language, and so long as the interpretation is consistent, there is no legitimate issue of retroactivity which flows from the adoption and application of the amended statute. Hence, there is no constitutional or due process concern.
Moreover, there is no "vested right" in the old law and no due process problem on that ground, given the "rational basis" for any retroactive application, Nobrega, supra, 167 N.J. at 544, 772 A.2d 368; Phillips v. Curiale, 128 N.J. 608, 620, 608 A.2d 895 (1992); Greenberg v. Kimmelman, 99 N.J. 552, 563-70, 494 A.2d 294 (1985), and the regulation in effect during the time of the bankruptcy proceedings which commenced in 1985,[9] when New *922 Robins was incorporated in 1987, when the bankruptcy plan was approved in 1988, and on the effective date of the reorganization in 1989, see A.H. Robins Co., Inc., supra, 20 N.J. Tax at 341, 348, provided notice of the impact of New Jersey law. See Richard's Auto City, supra, 140 N.J. at 543, 659 A.2d 1360.
Nor can N.J.S.A. 54:10A-4.5 be deemed special legislation in violation of art. IV, section 7 par. 9 of the New Jersey Constitution or a violation of the separation of powers clause. N.J. Const., art. III, § 1; Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 224-27, 115 S.Ct. 1447, 1455-57, 131 L.Ed.2d 328 345-47 (1995); Newark Superior Officers Ass'n v. Newark, 98 N.J. 212, 222-26, 486 A.2d 305 (1985); Vreeland v. Byrne, 72 N.J. 292, 298-301, 370 A.2d 825 (1977). The statute applies to all corporations which seek to carryover net operating losses and not merely to plaintiff and the other corporations whose cases were before the courts at the time of adoption, including those corporations whose appeals have been stayed pending this appeal. Moreover, particularly given the impact of the regulation interpreted in Richard's Auto City and employed by the Tax Court in this case, it is hard to accept an argument that the statute, enacted over four months after the Tax Court's adverse decision, was designed to affect this case. See Nobrega, supra, 167 N.J. at 538-39, 772 A.2d 368.

IV.
The judgment of the Tax Court is affirmed.
NOTES
[1] The appeal was originally submitted on November 5, 2003. However, we subsequently granted a late request for oral argument based on a reasonable misunderstanding that the matter would be listed for argument after the remand proceedings were completed. However, requests for argument must be filed pursuant to R. 2:11-1(b).
[2] Plaintiff also argued that "the Director's concession [in the Tax Court] that the Robins I NOLs were transferred to Robins II leaves no basis for denying deductibility." The Director asserts that the concession was for purposes of the summary judgment motion and recognizes that the NOLs were transferred to Robins II and did become its property. See In Re A.H. Robins Co., Inc., 251 B.R. 312, 314-15, 321 (Bankr.E.D.Va.2000). However, that is a different issue than deductibility of the NOLs for state tax purposes, notwithstanding that N.J.S.A. 54:10A-4.5 and N.J.A.C. 18:7-5.13(b) both talk in terms of "carryover," and not deductibility, which they obviously address as tax laws. In any event, there was no material concession as evidenced by the ongoing litigation.
[3] For present purposes, we disagree with the Director's suggestion that New Jersey's entire controversy doctrine can be used in New Jersey to avoid what may be required under the Supremacy Clause if it is required in light of the bankruptcy law and/or order of the Bankruptcy Court.
[4] Although the Director did not appear in the Bankruptcy Court to challenge the Plan or Confirmation Order, the Director or State of New Jersey did appear in proceedings before the Bankruptcy Curt in which Robins II sought a declaration that it was entitled to claim the NOLs on its New Jersey state returns, and successfully moved to dismiss the proceeding on Eleventh Amendmentsubject matter jurisdiction grounds. In re A.H. Robins Co., Inc., supra, 251 B.R. at 314, 321-22.
[5] In its argument before us, Robins II acknowledges that the regulation would control if the new statute were unconstitutional or otherwise could not apply retroactively and, therefore, is inapplicable. It continues to assert, however, that the regulation does not apply to preclude the NOL carryover.
[6] Section 27 became N.J.S.A. 54:10A-4.5. See P.L. 2002, c. 40, § 27; 2002 Session Law Service at 200 n. 27.
[7] We have stayed, at the parties' request, five unbriefed appeals from other decisions of the Tax Court. We have nevertheless been provided with a copy of Judge Harold Kuskin's oral opinion in those cases. While we have had the benefit of that opinion, we cannot cite it as precedent. See R. 1:36-3.
[8] Robins contends that, pursuant to the plan of reorganization, as a "single entity," it is both "the actual corporation that sustained the loss" and the "surviving corporation." See N.J.A.C. 18:7-5.13(b).
[9] As noted, N.J.S.A. 54:10A-4(k)(6) became effective on April 22, 1985, see Richard's Auto City, supra, 140 N.J. at 533, 659 A.2d 1360, prior to filing of the bankruptcy complaint on August 21, 1985. However, we do not suggest that date is material, notwithstanding Richard's Auto City holding on retroactivity, because the Bankruptcy Court did not confirm the plan until March 28, 1988, the plan implemented the merger agreement dated March 21, 1988, and the merger did not take effect until December 15, 1989, all after adoption of the regulation in 1986. See A.H. Robins Co., Inc., supra, 20 N.J. Tax at 341, 348.